SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   Index No.:
TRITAURIAN CAPITAL, INCORPORATED and                        Date Purchased:
INVESTGOLD LIMITED,

                                  Plaintiffs,          **SUMMONS**

              -against-

G. SCOTT WAFER, L. I. BOXING MANAGEMENT
LLC, SMITHTOWN BOXING LLC d/b/a UFC GYM
COMMACK, HUNTINGTON BOXING LLC d/b/a UFC
GYM HUNTINGTON STATION, and CLEARWATER
BOXING LLC,

                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## To the above named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after complete of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you for the relief demanded in the complaint.

Venue is proper in this Court as in the contract giving rise to this action the parties agreed to litigation in the County of New York.

Dated: December 15, 2015

                                                        _____
                                                        Zachary M. Beriloff
                                                        Gruenberg Kelly Della
                                                        700 Koehler Ave
                                                        Ronkonkoma, NY 11779
                                                        631-737-4110

TO:    G. SCOTT WAFER
          719 MEADOW ROAD
          SMITHTOWN, NY 11787

L. I. BOXING MANAGEMENT LLC
400 OSER AVE STE 100
HAUPPAUGE, NY 11788

SMITHTOWN BOXING LLC d/b/a UFC GYM COMMACK
6240 JERICHO TURNPIKE
COMMACK, NY 11725

HUNTINGTON BOXING LLC d/b/a UFC GYM HUNTINGTON STATION
670 E. JERICHO TURNPIKE
HUNTINGTON STATION, NY 11743

CLEARWATER BOXING LLC
28784 US HWY 19
CLEARWATER, FL 33761

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X   Index No.:
TRITAURIAN CAPITAL, INCORPORATED and
INVESTGOLD LIMITED,

                                                                                       **VERIFIED COMPLAINT**

                            Plaintiffs,

              -against-

G. SCOTT WAFER, L. I. BOXING MANAGEMENT
LLC, SMITHTOWN BOXING LLC d/b/a UFC GYM
COMMACK, HUNTINGTON BOXING LLC d/b/a UFC
GYM HUNTINGTON STATION, and CLEARWATER
BOXING LLC,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiffs, by their attorneys, Gruenberg Kelly Della, complaining of the Defendants, respectfully alleges, upon information and belief:

## NATURE OF THE ACTION

1. This is an action to for an award of monetary damages incurred in connection with the defendants' breach of two contracts, which provided for investment banking services and capital stemming from those services.

2. As set forth more fully below, the defendants retained plaintiff TRITAURIAN for investment banking services in exchange for monetary payment and equity in the defendant companies. Through those investment banking services, INVESTGOLD LIMITED provided capital to the defendants under a note, which is now due and payable, and the defendants have refused to pay.

3. The plaintiffs also seek to pierce the defendants' corporate veil to hold defendant WAFER personally liable for the actions of the defendant companies.

## JURISDICTION AND VENUE

4. This Court has jurisdiction this action under CPLR 301 because, upon information and belief, Defendants L. I. BOXING MANAGEMENT LLC, SMITHTOWN BOXING, LLC, and HUNTINGTON BOXING, LLC, are limited liability companies organized and existing by virtue of the laws of the State of New York and defendant WAFER is a resident of the State of New York.

5. Venue is proper in this County pursuant to CPLR 503(c) because Plaintiffs and Defendants entered into agreements, the subject matter of this action, whereby all parties agreed that any litigation regarding the agreements would take place in the Supreme Court New York County.

## THE PARTIES

6. At all times hereinafter mentioned and at the commencement of this action, Plaintiff TRITAURIAN CAPITAL, INCORPORATED was and still is a domestic corporation, duly organized and existing by virtue of the laws of the State of New York with a principal place of business at 261 Madison Ave 9th Floor New York, NY 10016.

7. At all times hereinafter mention and at the commencement of this action, Plaintiff INVESTGOLD LIMITED is a foreign limited company, duly organized and existing by virtue of the laws of Hong Kong with a principal place of business at 139-441 Wai Yi St Shiu Fat Bldg Rom 203 Kwun Tong, Hong Kong.

8. At all times hereinafter mentioned and at the commencement of this action Defendant G. SCOTT WAFER was an individual and upon information and belief the Managing Member/President of defendants L. I. BOXING MANAGEMENT LLC, SMITHTOWN

BOXING, LLC, HUNTINGTON BOXING, LLC and CLEARWATER BOXING LLC. Upon information and belief defendant G. SCOTT WAFER was and still is a resident of the County of Suffolk and resides at 719 Meadow Road Smithtown, NY 11787.

9. Upon information and belief, at all times hereinafter mentioned and at the commencement of this action, Defendant L. I. BOXING MANAGEMENT LLC was and still is a domestic limited liability company, duly organized and existing by virtue of the laws of the State of New York with a business address of 400 Oser Ave Ste 100 Hauppauge, NY 11788. Upon information and belief, defendant L. I. BOXING was the administrative/parent/management company of defendant SMITHTOWN, HUNTINGTON, and CLEARWATER.

10. Upon information and belief, at all times hereinafter mentioned and at the commencement of this action, Defendant SMITHTOWN BOXING LLC d/b/a UFC GYM COMMACK was and still is a domestic limited liability company, duly organized and existing by virtue of the laws of the State of New York with a principal place of business at 6240 Jericho Turnpike Commack, NY 11725. Defendant SMITHTOWN operates an Ultimate Fighting Championship ("UFC") franchise fitness/boxing gym.

11. Upon information and belief, at all times hereinafter mentioned and at the commencement of this action Defendant HUNTINGTON BOXING LLC d/b/a UFC GYM HUNTINGTON STATION was and still is a domestic limited liability company, duly organized and existing by virtue of the laws of the State of New York with a principal place of business at 670 E. Jericho Turnpike Huntington Station, NY 11746. Defendant HUNTINGTON operates a UFC franchise fitness/boxing gym.

12. Upon information and belief, at all times hereinafter mentioned and at the commencement of this action, Defendant CLEARWATER BOXING LLC was and still is a foreign limited liability company, duly organized and existing by virtue of the laws of the State of Florida with a principal address of 28784 US HWY 19 Clearwater, Florida 33761. Defendant CLEARWATER operates a UFC franchise/fitness boxing gym.

### AS AND FOR A FIRST CAUSE OF ACTION
**(TRITAURIAN - Breach of Contract)**

13. On April 19, 2013, defendant L. I. BOXING MANAGEMENT LLC, SMITHTOWN BOXLING LLC, HUNTINGTON BOXING LLC, and CLEARWATER BOXING LLC (collectively the "Companies") entered into an Agreement with plaintiff TRITAURIAN.

14. The Agreement provided that TRITAURAN would act as the Companies' exclusive investment banker for "any transaction or series of transactions in which any funds are arranged or raised by or for the Companies, including any equity, equity linked securities, preferred, preferred linked securities, debt, debt linked securities, capital leases, promissory notes, credit facilities or any other financial vehicle or source" (hereinafter "Transaction").

15. As the exclusive investment banker for the Companies, the Agreement provided that TRITAURIAN would provide the following services: (1) Assist the Companies' management with the preparation of any materials as may be reasonably required during a Transaction; (2) Identify and seek out entities or individuals who might be interested in a Transaction with the Company, as necessary; (3) Consult with the Company as to the financial aspects and structure of any Transaction and assist in negotiating the terms thereof, as necessary; and (4) Advise and assist the Companies in the negotiations of any necessary documentation relating to any Transaction.

16. In exchange for these services, the 4-19-13 Agreement provided that TRITAURIAN would be compensated as follows:
    a. The Companies agree to pay TRITUARIAN for its services immediately upon completion of any one or series of Transaction(s), a success fee ("Success Fee") equal to the total of:
        i. 10.0 % of the gross proceeds of all funds raised, in on or a series of transactions, payable in cash upon the closing of such transactions; plus
        ii. 10.0 % of the fully diluted common shares, partnership units or other equity securities of the Companies upon the closing of a Transaction on a pro forma valuation taking into account that specific financing. The shares issued shall be provided on a pro rata basis based on the amount raised beginning with the first dollar raised and up to $2,000,000 raised (in aggregate) at which point the entire 10.0 % shall be due.
17. Under the 4-19-13 Agreement, TRITAURIAN negotiated and structured a Transaction between the Companies and co-plaintiff INVESTGOLD LIMITED to provide financing for the expansion of the Companies' UFC gym franchise locations.
18. On July 25, 2013, INVESTGOLD LIMITED entered into an agreement (hereinafter the "Bridge Note Agreement") with defendant L. I. BOXING MANAGEMENT LLC.
19. The Bridge Note Agreement provided that:
    b. UFG GYM L. I. Boxing Management is looking to expand its franchise locations in the Long Island, New York and Florida Regions, and is seeking financing to establish several identified locations under the UFC Gym brand. This financing is intended as a bridge to a future equity raise. The Company is raising $250,000 in

       this 0 % Senior Secured Note to provide the Company with funding to facilitate its growth.

20. The Bridge Note Agreement provided that INVESTGOLD LIMITED would pay L. I. BOXING MANAGEMENT LLC the principal amount of $250,000.00 due and payable 24 months after execution of the Note.

21. The Bridge Note Agreement further provided that in lieu of interest for the $250,000 payment, INVESTGOLD LIMITED would receive equity "in the overall operating business that comprises the new and existing UFC Gyms owned and operated by L. I. BOXING MANAGEMENT or its successors."

22. The equity in kind of interest would be calculated at 0.20 % per month per $250,000 funded with a maximum equity of 4.8% if the Bridge Note was not satisfied by the end of the two year repayment period.

23. The purpose of the Bridge Note was for the Companies to purchase eight (8) franchise agreements from UFC for the expansion of the Companies' business. The Bridge Note provided that the eight newly purchase franchise agreements, using the $250,000 provided by INVESTGOLD LIMITED, would be collateralized as senior debt.

24. The Bridge Note Agreement further provided that after 24 months outstanding, payment of the $250,000 principal would become due and owing. Twenty-four months after the execution of the note was July 25, 2015.

25. The Bridge Note Agreement provided that all other aspects of this deal not enumerated will operate under the control of the 4-19-13 Agreement between the Companies and TRITAURIAN.

26. In accordance with the Bridge Note Agreement, on July 29, 2013, INVESTGOLD LIMITED fully performed its duties under the Bridge Note by paying $250,000.00 to G. SCOTT WAFER as President/Managing Member of the Companies.

27. Under the 4-19-13 TRITAURIAN Agreement, the Companies were required to immediately pay TRITAURIAN 10% of the funds raised, being $25,000.00. Additionally, TRITAURIAN was to receive 1.25% of the equity securities/interests of the Companies upon the closing of the Transaction.

28. TRITAURIAN demanded payment under the terms of the 4-19-13 Agreement and the Companies have refused to comply.

29. Accordingly, plaintiff TRITAURIAN requests damages against defendants L. I. BOXING MANGEMENT LLC, SMITHTOWN BOXING LLC, HUNTINGTON BOXING LLC, and CLEARWATER BOXING LLC in the amount of $25,000.00 with interest thereon, the value of 1.25 % of the total interest/equity securities of the Companies in an amount to be determined at the time of trial or inquest, plus reasonable attorney's fees as well as the costs and disbursements of this matter.

### AS AND FOR A SECOND CAUSE OF ACTION
**(TRITAURIAN – Piercing the Corporate Veil)**

30. Plaintiffs repeat, reiterate and reallege each and every allegation in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

31. In executing the 4-19-13 Agreement, defendant G. SCOTT WAFER exercised complete domination with respect to the actions of the Companies as alleged herein and used this domination to commit a wrong against plaintiff TRITAURIAN.

32. Upon information and belief, defendant WAFER comingled his personal funds with the corporate funds of the Companies at all times relevant to this action.

33. Upon information and belief, defendant WAFER treated the corporate assets of the Companies as his own personal assets at all times relevant to this action.

34. Upon information and belief, the defendant Companies were inadequately capitalized at all times relevant to this action.

35. Upon information and belief, the defendant Companies failed to follow corporate formalities at all times relevant to this action.

36. Upon information and belief, the defendant Companies are attempting to dissolve without reserving sufficient funds for any contingent liabilities that could arise after dissolution, including payment under the 4-19-13 Agreement.

37. Upon information and belief, defendant WAFER solicited the investment banking services of TRITAURIAN. During the solicitation, WAFER misrepresented that he was the President and/or Managing Member of the Companies, as well as the sole member of the defendant Companies.

38. Upon information and belief, Defendant WAFER misrepresented that he had the full authority to enter into the 4-19-13 Agreement with TRITAURIAN including the authority to incur a debt on behalf of the Companies, to transfer a membership/equity interest of the Companies, and to open UFC franchise locations in locations nearby those operated by the Companies. Upon information and belief, defendant WAFER had no such authority.

39. Upon information and belief, Defendant WAFER made these material misrepresentations to induce TRITAURIAN to enter the 4-19-13 Agreement.

40. These misrepresentations were of a material fact collateral to the 4-19-13Agreement. Without authority to incur a debt on behalf of the Companies or to transfer a

membership/equity interest of the Companies, payment under the Agreement is impossible. Had TRITAURIAN known that defendant WAFER did not have such authority it never would have entered into the 4-19-13 Agreement.

41. WAFER engaged in the foregoing conduct in order to commit a wrong or injustice upon plaintiffs.

42. As a result of the foregoing, Plaintiff TRITAURIAN has been injured and is entitled to an order piercing the Companies corporate veil such that WAFER should be held liable for L. I. BOXING MANAGEMENT LLC, SMITHTOWN BOXING LLC, HUNTINGTON BOXING LLC, and CLEARWATER BOXING LLC'S actions as alleged herein.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(INVESTGOLD LIMITED – Breach of Contract)**

43. Plaintiffs repeat, reiterates and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

44. On July 25, 2013, plaintiff INVESTGOLD LIMITED entered into the Bridge Note Agreement with defendant L. I. BOXING MANGEMENT LLC. The Note was executed by defendant G. SCOTT WAFER as President of L. I. BOXING.

45. The Bridge Note Agreement provided that INVESTGOLD LIMITED would pay L. I. BOXING MANAGEMENT LLC the amount of $250,000.00 due and payable twenty-four months after execution of the Note.

46. The Bridge Note Agreement further provided that in lieu of interest for the $250,000 loan, INVESTGOLD LIMITED would receive equity "in the overall operating business that comprises the new and existing UFC Gyms owned and operated by L. I. BOXING MANAGEMENT or its successors," being SMITHTOWN BOXING LLC d/b/a UFC

GYM COMMACK, HUNTINGTON BOXING LLC d/b/a UFC GYM HUNTINGTON, and CLEARWATER BOXING LLC.

47. The equity in kind of interest would be calculated at 0.20 % per month per $250,000 funded with a maximum equity of 4.8% if the note would not satisfied by the end of the two year repayment period.

48. The purpose of the note was for the Companies to purchase eight (8) franchise agreements from the UFC for the expansion of the Companies' business. The Bridge Note provided that the eight newly purchase franchise agreements, using the $250,000 provided by INVESTGOLD LIMITED, would be collateralized as senior debt.

49. The Bridge Note Agreement further provided that after 24 months outstanding, payment of the $250,000 principal would become due and owing. Twenty-four months after the execution of the note was July 25, 2015.

50. The Bridge Note Agreement provided that all other aspects of this deal not enumerated will operate under the control of the 4-19-13 Agreement between the Companies and TRITAURIAN.

51. In accordance with the Bridge Note Agreement, on July 29, 2013, plaintiff INVESTGOLD LIMITED fully performed its duties under the Note by paying $250,000.00 to G. SCOTT WAFER as President/Managing Member of the Companies.

52. Under the Bridge Note, the $250,000 principal became due and owing on July 25, 2015. Despite due demand therefore, to date, L. I. BOXING and the Companies have failed to repay any of the $250,000 principal under the Note.

53. Additionally, plaintiff INVESTGOLD was to receive a 4.8% membership/equity interest in the Companies under the terms of the Bridge Note.

54. INVESTGOLD demanded payment under the terms of the Bridge Note Agreement and the Companies have refused to comply.

55. Accordingly, plaintiff INVESTGOLD requests damages against defendants L. I. BOXING MANGEMENT LLC, SMITHTOWN BOXING LLC, HUNTINGTON BOXING LLC, and CLEARWATER BOXING LLC in the amount of $250,000.00 with interest thereon, the value of 4.8 % of the total interest/equity securities of the Companies in an amount to be determined at the time of trial or inquest, plus reasonable attorney's fees as well as the costs and disbursements of this matter.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (INVESTGOLD LIMITED – Piercing the Corporate Veil)

56. Plaintiffs repeat, reiterates and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully set forth at length herein.

57. In executing the Bridge Note Agreement, defendant G. SCOTT WAFER exercised complete domination with respect to the actions of the Companies as alleged herein and used this domination to commit a wrong against plaintiff INVESTGOLD.

58. Upon information and belief, defendant WAFER comingled his personal funds with the corporate funds of the Companies at all times relevant to this action.

59. Upon information and belief, defendant WAFER treated the corporate assets of the Companies as his own personal assets at all times relevant to this action.

60. Upon information and belief, the defendant Companies were inadequately capitalized at all times relevant to this action.

61. Upon information and belief, the defendant Companies failed to follow corporate formalities at all times relevant to this action.

62. Upon information and belief, the defendant Companies are attempting to dissolve without reserving sufficient funds for any contingent liabilities that could arise after dissolution, including payment under the Bridge Note Agreement.

63. Upon information and belief, Defendant WAFER misrepresented that he was the President and/or Managing Member of the Companies, as well as the sole member of the defendant Companies.

64. Upon information and belief, Defendant WAFER misrepresented that he had the full authority to enter into the Bridge Note Agreement with INVESTGOLD including the authority to incur a debt on behalf of the Companies, to transfer a membership/equity interest of the Companies, and to open UFC franchise locations in locations nearby those operated by the Companies. Upon information and belief, defendant WAFER had no such authority.

65. Upon information and belief, Defendant WAFER made these material misrepresentations to induce INVESTGOLD to enter the Bridge Note Agreement.

66. These misrepresentations were of a material fact collateral to the Bridge Note Agreement. Without authority to incur a debt on behalf of L. I. BOXING and the Companies or to transfer a membership equity/interest of L. I. BOXING and Companies, the terms of repayment under the Bridge Note Agreement are impossible. Had INVESTGOLD known that defendant WAFER did not have such authority it never would have entered into the Bridge Note Agreement.

67. Upon information and belief, after INVESTGOLD fully performed under the Bridge Note Agreement and paid L. I. BOXING $250,000 Defendant WAFER personally used

the funds to purchase the UFC franchise agreements individually in his own name, using the assets of the Companies as his own personal assets.

68. Upon information and belief, the eight UFC franchise agreements purchased by defendant WAFER with the funds from the Bridge Note Agreement expired if certain construction/opening deadlines for the proposed gyms were not met. Upon information and belief, defendant WAFER failed to meet any of these deadlines and the franchise agreements have expired, rendering the collateral under the Bridge Note Agreement meaningless.

69. Defendant WAFER engaged in the foregoing conduct in order to commit a wrong or injustice upon plaintiffs.

70. As a result of the foregoing, Plaintiff INVESTGOLD has been injured and is entitled to an order piercing the Companies corporate veil such that defendant WAFER should be held liable for L. I. BOXING MANAGEMENT LLC, SMITHTOWN BOXING LLC, HUNTINGTON BOXING LLC, and CLEARWATER BOXING LLC'S actions as alleged herein.

WHEREFORE, the plaintiffs demands judgment as follows:

A. On the First Cause of Action, that plaintiff TRITAURIAN recover of defendants L. I. BOXING MANGEMENT LLC, SMITHTOWN BOXING LLC, HUNTINGTON BOXING LLC, and CLEARWATER BOXING LLC in the amount of $25,000.00 with interest thereon, the value of 1.25 % of the total membership interest/equity securities of the defendant Companies in an amount to be determined at the time of trial or inquest

with interest thereon, plus reasonable attorney's fees as well as the costs and disbursements of this matter;

B. On the Second Cause of Action, that plaintiff TRITAURIAN recover of defendant G. SCOTT WAFER the amount of $25,000.00 with interest thereon, the value of 1.25 % of the total membership interest/equity securities of the defendant Companies in an amount to be determined at the time of trial or inquest with interest thereon, plus reasonable attorney's fees as well as the costs and disbursements of this matter, and awarding punitive damages in an amount to be determined at the time of trial or inquest.

C. On the Third Cause of Action, that plaintiff INVESTGOLD recover of defendants L. I. BOXING MANGEMENT LLC, SMITHTOWN BOXING LLC, HUNTINGTON BOXING LLC, and CLEARWATER BOXING LLC in the amount of $250,000.00 with interest thereon, the value of 4.8 % of the total membership interest/equity securities of the defendant Companies in an amount to be determined at the time of trial or inquest with interest thereon, plus reasonable attorney's fees as well as the costs and disbursements of this matter, and awarding punitive damages in an amount to be determined at the time of trial or inquest.

D. On the Fourth Cause of Action, that plaintiff INVESTGOLD recover of defendant G. SCOTT WAFER the amount of $250,000.00 with interest thereon, the value of 4.8 % of the total /membership interest/equity securities of the defendant Companies in an amount to be determined at the time of trial or inquest with interest thereon, plus reasonable attorney's fees as well as the costs and disbursements of this matter, and awarding punitive damages in an amount to be determined at the time of trial or inquest.

Dated: December 15, 2015

                                                                                        _____
ZACHARY M. BERILOFF
GRUENBERG KELLY DELLA
700 Koehler Ave
Ronkonkoma, NY 11779
631-737-4110

## VERIFICATION

STATE OF NEW YORK        )
                     ss.:    )
COUNTY OF _____      )

_____James R. Preissler_____, being duly sworn, deposes and says that:

1. I am the ____Managing Partner_____ of TRITAURIAN CAPITAL, INCORPORATED the plaintiff in this action,

2. I have read the foregoing Summons and Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters therein stated to be upon information and belief and as to those matters I believe them to be true.

3. That the reason why this verification is made by me is because I am the ____Managing Partner_____ of the plaintiff corporation.

4. That the sources of my information are personal knowledge, conversations with employees and management of TRITAURIAN CAPITAL, INCORPORATION and INVESTGOLD LIMITED, and the records of TRITAURIAN CAPITAL, INCORPORATED.

_____
By: James R. Preissler
Title: Managing Partner

Sworn to before me this

15TH Day of December 2015

_____
Notary Public

[Notary Seal: ZACHARY MICHAEL BERILOFF, NOTARY PUBLIC, STATE OF NEW YORK, NO. 02BE6228246, QUALIFIED IN SUFFOLK COUNTY, COMM. EXP. 10/12/2018]

1